# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| ERIK STAUFFENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:17-cv-00291-TLS-SLC |
| | ) | |
| JOHNSON & JOHNSON INTERNATIONAL, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a complaint filed by Plaintiff Erik Stauffenberg, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

First, Plaintiff begins his complaint, in an unnumbered paragraph, with a statement that he "alleges the following, upon information and belief . . . ." (DE 1 at 1). Because this statement is in the very first sentence of the complaint, Plaintiff is essentially stating that his entire complaint is alleged "upon information and belief." This is a problem because "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at

*2 (N.D. Ill. Jan. 21, 2003).

Additionally, Plaintiff's complaint alleges that Plaintiff "is a resident of the City of Norfolk, Virginia."  (DE 1 ¶ 11).  Plaintiff's residency is meaningless for purposes of diversity jurisdiction, however; an individual's citizenship is determined by his or her domicile.  *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Accordingly, Plaintiff is granted to and including July 27, 2017, to file an amended complaint that properly alleges federal subject matter jurisdiction on the basis of diversity of citizenship.

SO ORDERED.

Entered this 13th day of July 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge